AUG 2 2 2005
5:15

CHRISTOPHER J. CHRISTIE
United States Attorney
SUSAN J. STEELE
Assistant United States Attorney
Chief, Civil Division
970 Broad Street
Newark, New Jersey 07102
(973) 645-2839
SS-

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ELAINE L. CHAO, Secretary of Labor, United States Department of Labor, 200 Constitution Avenue, N.W. Washington, D.C. 20210, <br><br> Plaintiff, <br><br> v. <br><br> LOCAL 190, NORTH JERSEY AREA, AMERICAN POSTAL WORKERS UNION, AFL-CIO, 1080 Route 46 West Clifton, New Jersey 07013, <br><br> Defendant. | Hon. WGB <br><br> Civil Action No. 05-4149 |

## COMPLAINT

Plaintiff Elaine L. Chao, Secretary of Labor, alleges as follows:

## NATURE OF THE ACTION

1. Plaintiff brings this action under Title IV of the Labor-Management Reporting and Disclosure Act of 1959, as amended (Act of September 14, 1959, 73 Stat. 519, et seq., 29 U.S.C. §§ 481-84 (the "Act")), as applied to the Defendant by the Postal Reorganization Act at 39 U.S.C. § 1209(b).

## JURISDICTION AND VENUE

2.  The Court has jurisdiction over this action (28 U.S.C. § 1331, 28 U.S.C. 1345, and 29 U.S.C. § 482(b)).

3.  Venue lies in this district (28 U.S.C. § 1391(b) and 29 U.S.C. § 482(b)).

## PARTIES

4.  Plaintiff, Elaine L. Chao, is the duly appointed Secretary of Labor, United States Department of Labor.  Plaintiff is authorized to bring this action under section 402(b) of Title IV of the Labor-Management Reporting and Disclosure Act of 1959 (29 U.S.C. 482(b)).

5.  Defendant is, and at all times relevant to this action has been, an unincorporated association maintaining its principal office at 1080 Route 46 West, City of Clifton, County of Passaic, State of New Jersey, within the jurisdiction of this Court.

## FACTUAL ALLEGATIONS

6.  Defendant is, and at all times relevant to this action has been, a local labor organization engaged in an industry affecting commerce within the meaning of sections 3(i), 3(j) and 401(b) of the Act (29 U.S.C. §§ 402(i), 402(j) and 481(b)).

7.  Defendant is, and at all times relevant to this action has been, chartered by and subordinate to the American Postal Workers Union, AFL-CIO ("National"), a national labor organization engaged in an industry affecting commerce within the meaning of sections 3(i) and 3(j) of the Act (29 U.S.C. §§ 402(i) and 402(j)).

8.  Defendant, purporting to act pursuant to its Bylaws and the National's Constitution, conducted an election of officers by mail ballot in December 2004, which election was subject to the provisions of Title IV of the Act (29 U.S.C. §§ 481-84).

9.  By letters dated October 28, 2004, November 6, 2004, November 9, 2004, November 27, 2004, and December 7, 2004, to the Election Committee, the Complainant, Frank Arminio, a member in good standing of the Defendant, filed pre-election protests of the Defendant's December 2004 election.  By letter dated December 16, 2004, to the Local Election Committee, Complainant Arminio protested the Defendant's December 2004 election.

10. Having invoked the remedies available under the National's Constitution for three calendar months without receiving a final decision, Complainant Arminio filed timely complaints with the Secretary of Labor on February 28, 2005 and March 22, 2005, within the one calendar month required by section 402(a)(2) of the Act, 29 U.S.C. § 482(a)(2).

11. By letter dated October 30, 2004, to the Election Committee, the Complainant, Milan Sabo, a member in good standing of the Defendant, filed a pre-election protest of the Defendant's December 2004 election.  By letter dated December 16, 2004, to the Election Committee, Complainant Milan Sabo protested the Defendant's December 2004 election.

12. Having invoked the remedies available under the National's Constitution for three calendar months without receiving a final decision, Complainant Sabo filed a timely complaint with the Secretary of Labor on April 18, 2005, within the one calendar month required by section 402(a)(2) of the Act, 29 U.S.C. § 482(a)(2).

13. In a series of letters, the Defendant agreed that the time within which the Plaintiff may bring suit with respect to the Defendant's aforesaid election be extended to August 26, 2005.

14. Pursuant to section 601 of the Act (29 U.S.C. § 521), and in accordance with section 402(b) of the Act (29 U.S.C. § 482(b)), the Plaintiff investigated the complaint and, as a result of

the facts shown by her investigation, found probable cause to believe that violations of Title IV of the Act (29 U.S.C. § 481, et seq.) had occurred in the conduct of the Defendant's December 2004 election and had not been remedied at the time of the institution of this action.

15. Defendant violated section 401(c) of the Act (29 U.S.C. § 481(c)) during the conduct of the aforesaid election by:

(a) allowing discriminatory access to its membership list; and

(b) failing to provide adequate safeguards to insure a fair election when it provided incorrect ballot return instructions.

16. Defendant violated section 401(e) of the Act (29 U.S.C. § 481(e)) during the conduct of the aforesaid election by denying members in good standing the right to vote when it refused to count mail ballots received in accordance with ballot instructions.

17. Defendant violated section 401(g) of the Act (29 U.S.C. § 481(g)) during the conduct of the aforesaid election by:

(a) allowing the Secretary-Treasurer to use union resources for campaign purposes;

(b) applying moneys of an employer to promote the candidacy of the incumbent and his slate; and

(c) allowing a confidential union resource to be used for campaign purposes.

The violations of sections 401(c), 401(e), and 401(g) of the Act (29 U.S.C. §§ 481(c), 481(e), and 481(g)) found and alleged above, may have affected the outcome of the Defendant's December 2004 election for the offices of President, Executive Vice President, Recording Secretary, Secretary-Treasurer, Administrative Aide, Director of Organization, Motor Vehicle Service Craft Director, Clerk Craft Director, and Maintenance Craft Director.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment:

(a) declaring the Defendant's election for the offices President, Executive Vice President, Recording Secretary, Secretary-Treasurer, Administrative Aide, Director of Organization, Motor Vehicle Service Craft Director, Clerk Craft Director, and Maintenance Craft Director null and void;

(b) directing the Defendant to conduct a new election for these offices, under the supervision of the Plaintiff;

(c) for the costs of this action; and

(d) for such other relief as may be appropriate.

Of counsel:

HOWARD M. RADZELY
Solicitor of Labor

KATHERINE E. BISSELL
Associate Solicitor

PATRICIA RODENHAUSEN
Regional Solicitor

ALEXANDRA TSIROS
Counsel for Legal Advice

BRENDA J. STOVALL
Attorney

U.S. Department of Labor

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

CHRISTOPHER J. CHRISTIE
United States Attorney

By: _Susan Steele_

SUSAN J. STEELE
Assistant U.S. Attorney
Chief, Civil Division
Dated:

5