UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

---------------------------------------------------------------------

ELAINE L. CHAO, Secretary of Labor,                    :
United States Department of Labor,

                                                 :

                             Plaintiff

                                                 :   Civil Action
                                                       Case No. 05-4149
                        v.                                 :   (SDW/MCA)

LOCAL 190, NORTH JERSEY AREA, AMERICAN
POSTAL WORKERS UNION, AFL-CIO,             :

                                       Defendant/Third       :
                                       Party Plaintiff

                                                 :

                      v.

                                               :

AMERICAN ARBITRATION ASSOCIATION,

                                                :

                           Third Party Defendant.      :

---------------------------------------------------------------------

### CONSENT JUDGMENT BETWEEN PLAINTIFF AND DEFENDANT LOCAL 190, NORTH JERSEY LOCAL, AMERICAN POSTAL WORKERS UNION, AFL-CIO,

It is hereby stipulated by the Plaintiff Secretary of Labor and Local 190, North Jersey Area Local, American Postal Workers Union, AFL-CIO ("the Union") and ordered by the Court as follows:

1.     Plaintiff Secretary of Labor, after finding violations, brings this action under Title IV of the Labor-Management Reporting and Disclosure Act of 1959 (Act of September 14, 1959, 73 Stat. 519 et seq.), ("the Act"), to set aside the December 15, 2004 election by the Union for all officer positions: President, Executive Vice President, Recording Secretary, Secretary-Treasurer, Administrative Aide, Director of Organization, Motor Vehicle Service Director, Clerk Division Director, Maintenance Division Director and three Trustees.

2. The Union, without admitting that it has violated the Act, and the Secretary stipulate to the following terms ordered below.

3. The Union shall conduct new nominations and a new election for all the officer positions set forth in paragraph one as well as the Chief Steward positions. This election shall take place no later than September 7, 2007 ("the September 7th election").

4. The September 7th election shall take place under the oversight and supervision of the Secretary of Labor. The Secretary's oversight of all Union events, activities, or other matters related to the September 7th election shall commence upon entry of this consent judgment.

5. The September 7th election shall take the place of the Union's next regularly scheduled election, currently scheduled for November 2007. The Union agrees that the term of office for those taking office in the September 7th election shall not exceed three years.

6. The September 7th election shall be conducted in accordance with the Act and, insofar as lawful and practical in accordance with the Constitution and Bylaws of the Union. The winners of the September 7th election, shall be installed as soon as practical after the certification of the tally of the ballots.

7. All decisions as to the interpretation or application of the Act and the provisions of the Constitution and Bylaws of the Union that relate to the September 7th election, are to be determined by the Secretary of Labor, and her decision shall be final. Any challenge by any member of the Union as to any issue pertaining to the September 7th election, other than issues regarding the Chief Steward positions, shall be made to the Secretary of Labor.

2

8.    The Court shall retain jurisdiction of this action. After completion of the September 7th election, the Secretary shall certify to the Court the names of the persons so elected and, if appropriate, shall further certify that such election was conducted in accordance with Title IV of the Act and, insofar as lawful and practicable, that the election was conducted in accordance with the provisions of the Union's Constitution and Bylaws. Upon approval of such certification, the Court shall enter a judgment declaring that such persons have been elected as shown by such certification, and further providing that each party will bear its own fees and other expenses incurred by such party in connection with any stage of this proceeding.

9. Counsel for the undersigned parties represent that they are authorized to enter into this Consent Judgment on behalf of their client(s).

Dated: May 2, 2007
      New York, New York

Of Counsel:

CHRISTOPHER J. CHRISTIE
United States Attorney

SUSAN J. STEELE
Chief, Civil Division
Office of the U.S. Attorney
Federal Building
Suite 700
970 Broad Street
Newark, New Jersey 07102-2535

JONATHAN L. SNARE
Acting Solicitor of Labor

PATRICIA M. RODENHAUSEN
Regional Solicitor

BY: _____
JEFFREY S. ROGOFF
Attorney
(JSR 3129)

U.S. Department of Labor,
Attorneys for Plaintiff.

POST OFFICE ADDRESS:

Patricia M. Rodenhausen
Regional Solicitor
U.S. Department of Labor
201 Varick Street, Room 983
New York, New York 10014
Tel. (212) 337-2092

DAVID TYKULSKER & ASSOCIATES
Attorneys for Defendant

By: _____
David Tykulsker, Esq. (DT-2609)
David Tykulsker & Associates
161 Walnut St.
Montclair, NJ 07042
Tel. (973) 509-9292

4

DATED: _____, 2007

Newark, New Jersey

IT IS SO ORDERED:

HON. SUSAN D. WIGENTON
U.S. DISTRICT COURT JUDGE

5